IN UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JERRY JOHNSON                                                                                          PLAINTIFF

V.                                       CASE NO. 3:15-CV-137 DPM/BD

MISSISSIPPI COUNTY DETENTION CENTER and
BLYTHEVILLE OCSE                                                                                DEFENDANTS

### RECOMMENDED DISPOSITION

I.    **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to this Recommendation.  If objections are filed, they must be specific and must include the factual or legal basis for the objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

II.   **Discussion**

Jerry Johnson, an inmate at the Mississippi County Detention Center ("Detention Center"), filed this lawsuit pro se alleging that he has been improperly detained.  (Docket entry #2)  He asks that he be released from custody and compensated for the days that he has been improperly held.   Mr. Johnson names the Detention Center and the Blytheville Office of Child Support Enforcement as the only Defendants.  Unfortunately, Mr.

Johnson's claims cannot move forward.

First, neither the Detention Center nor the Blytheville Office of Child Support Enforcement are persons that may be sued under 42 U.S.C. § 1983. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (county jail is not an entity subject to suit under § 1983); *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988) ("[U]nder § 1983, a plaintiff ... must show that the alleged deprivation was committed by a person...."); and *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

Further, Mr. Johnson seeks release from custody, but this kind of relief is not available in an action brought under 42 U.S.C. § 1983. Rather, if Mr. Johnson believes he is being wrongly detained, his sole remedy is to file a federal habeas corpus petition under 28 U.S.C. § 2254.

Finally, under settled law, if a judgment in favor of a prisoner in an action brought under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, the prisoner cannot pursue a claim for damages until the conviction or sentence has been reversed, expunged, or called into question by a state tribunal or federal court. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Based on *Heck*, Mr. Johnson's demand for damages is premature.

### III. Conclusion

The Court recommends that Mr. Johnson's claims be DISMISSED, without prejudice. The Court also recommends that this dismissal count as a "strike" for purposes

of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED this 20th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE